IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHN W. BACON, JR.,**

    **Plaintiff,**

**v.**

**STATE FARM FIRE AND CASUALTY
COMPANY, LISA DARR AND
BRIAN GIFFORD,**

    **Defendants.**                                        Case No 09-cv-339-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

In this Order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.");** *McCready v. White,* **417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle,* 7 Wall. 506, 514 19 L. Ed. 264 (1868);** ***Steel***

***Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

Defendant State Farm Fire and Casualty Company ("State Farm") removed this case on the basis of federal question jurisdiction under **28 U.S.C. § 1331**, regarding Count III of Plaintiff's Complaint, and requesting that the Court exercise supplemental jurisdiction under **28 U.S.C. § 1367**, over Counts I, II, IV & V Plaintiff's Complaint, asserting that the claims in these counts are part of the same case and controversy plead in Count III (*see* Doc. 2 - Notice of Removal). Specifically, State Farm claims that Plaintiff's Count III actually pleads a claim of racial discrimination "in a context which could only arise under the federal Civil Rights Act of 1866 (42 U.S.C. § 1981)" (Doc. 2, ¶ 2).

Accordingly, the Court must determine whether this case lies within so-called "federal question" jurisdiction. In general, of course, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." **28 U.S.C. § 1331**. The usual test of whether an action arises under federal law for purposes of § 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). In other words, "a claim 'arises under' the law that creates the cause of action." *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007) (citing *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257 (1916)).

In a limited class of cases, however, an action may arise under federal law within the meaning of § 1331 even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a . . . federal . . . statute is so . . . extraordinary . . . that it . . . converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 590 (S.D. Ill. 2007) (quoting *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir. 2005)). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. In such situations, the federal statute . . . not only

preempt[s] state law but also authorize[s] removal of actions that sought relief only under state law." **Id. (citation omitted)**.

State Farm asserts that the allegations in Plaintiff's Count III amount to a cause of action for racial discrimination pursuant to **42 U.S.C. § 1981**, which reads, in pertinent part:

(a) Statement of equal rights

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**42 U.S.C. § 1981(a)**.

Presumably then, because the crux of this case involves Plaintiff's allegations that State Farm breached its insurance policy it issued to Plaintiff when it denied Plaintiff's claims for damage to his real property, a claim of racial discrimination would likely involve Plaintiff's rights regarding contracts. Pursuant to **42 U.S.C. § 1981**, a claim arising out of racial discrimination in making and enforcing a contract would require a showing of the following elements: (1) that the plaintiff is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the plaintiff was racially discriminated against regarding his right to make and enforce a contract. **See Morris v. Office Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996)**. Further,

subsection (b) of § 1981 defines "make and enforce contracts" as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." **42 U.S.C. § 1981(b)**.

A copy of Plaintiff's Complaint, attached as 'Exhibit A' to State Farm's Notice of Removal, reveals that Count III is identified as a claim for "Statutory Vexatious and Unreasonable Penalties against State Farm, pursuant to **215 Ill. Comp. Stat. 5/155**" (Doc. 2, Ex. A, ¶¶ 40-115). However, State Farm reasons that Plaintiff's ostensible claim for State Farm's vexatious and unreasonable action regarding his insurance claims actually pleads a claim for racial discrimination based upon the following allegations in Count III:

> 89. [State Farm] failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policy issued to Insured-Plaintiff, as shown by its inadequate, incomplete, racially biased and prejudiced investigation of, and denial of coverage for, this insurance claim.
>
> 91. [State Farm's] attitude . . . towards Insured-Plaintiff, an African-American male, was recalcitrant, biased, racist, prejudiced, vexatious and unreasonable.
>
> 92. [State Farm] exhibited plantation mentality, bias against, racial animus toward and prejudice against, the Insured-Plaintiff, an African-American, both generally, and in particular by Caucasian female claim representative Lisa Darr making negative facial expressions in a disapproving manner toward him as an African-American male, plus mockingly criticizing his pronunciation of "Cortez" as "Cartez."

(Doc. 2, Ex. A - Plf's Comp., ¶¶ 89, 91-91).

Under Illinois law, when considering a cause of action for vexatious and

unreasonable conduct regarding a plaintiff's insurance claim, pursuant to **215 ILL. COMP. STAT. 5/155**, the trier of fact must consider the totality of the circumstances, which largely includes the insurer's attitude, such as whether the insurer acted in bad faith in denying a claim. ***See Mobil Oil Corp. v. Maryland Cas. Co.*, 681 N.E.2d 552, 558 (Ill. App. Ct. 1997); *Emerson v. American Bankers Ins. Co. of Florida*, 585 N.E.2d 1315, 1321 (Ill. App. Ct. 1992)**. Yet, an insurer's conduct will not be considered "vexatious and unreasonable" if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law. ***Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citations omitted)**.

While not affirmatively finding whether Plaintiff could, in fact, bring a claim for racial discrimination pursuant to **42 U.S.C. § 1981**, the Court finds that under the well-pleaded complaint rule, Plaintiff has not plead such a cause of action. Instead, State Farm's alleged racially biased behavior is merely part and parcel of Plaintiff's description of how State Farm's actions in denying his insurance claims were "vexatious and unreasonable." State Farm cannot attempt to "rewrite" Plaintiff's Complaint in order to state a federal cause of action. Nor can it rely upon the implication that the Civil Rights Act would serve to preempt Plaintiff's state cause of action under **215 ILL. COMP. STAT. 5/155**. As the removing party, State Farm

bears the burden of proving the existence of subject matter jurisdiction. The Court finds that State Farm's conclusory assertion that "Count III claims racial discrimination in a context which could only arise under the federal Civil Rights Act of 1866" does little to satisfy that burden. Further, such a conclusion is not correct here.

For the reasons discussed herein, the Court finds it lacks subject matter jurisdiction over this matter and accordingly, this case must be **REMANDED** back to the Circuit Court of St. Clair County, Illinois, pursuant to **28 U.S.C. § 1447(c)**.

**IT IS SO ORDERED**.

Signed this 6th day of May, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**